Jeffrey M. Lenkov (State Bar No. 156478)
 *jml@manningllp.com*
Steven J. Renick (State Bar No. 101255)
 *sjr@manningllp.com*
Steven C. Amundson (State Bar No. 218507)
 *sca@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15ᵗʰ Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant
USA WATER POLO, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ALICE MAYALL, as parent and guardian of minor H.C., on behalf of H.C. and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USA WATER POLO, INC.,<br><br>Defendant. | Case No. 8:15-cv-00171-AG-RNB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>Date:    June 1, 2015<br>Time:    10:00 A.M.<br>Crtrm.: 10D |

TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 1, 2015, at 10:00 a.m, or soon thereafter as the matter may be heard in Courtroom 10D of the above-captioned court, located at 411 West Fourth Street, Santa Ana, California, defendant USA Water Polo, Inc. will move this Court to dismiss this action against it pursuant to Federal Rules of Civil Procedure rule 12(b) on the grounds that:

(1)    This Court lacks subject-matter jurisdiction over the claims set out in the complaint; and

*///*

1

1       (2)    Neither the named plaintiff nor the purported minor plaintiff have stated a

2  claim upon which relief can be granted.

3       This motion is based upon this notice of motion, the accompanying

4  memorandum of points and authorities, the papers and records on file with this Court,

5  and upon such further oral or documentary evidence as may be presented to the Court

6  prior to or at the time of the hearing on this motion.

7

8  Dated: April 1, 2015         **MANNING & KASS**

                          **ELLROD, RAMIREZ, TRESTER  LLP**

9

10                By:   /s/  *Steven J. Renick*

                      JEFFREY M. LENKOV

11                    STEVEN J. RENICK

12                    STEVEN C. AMUNDSON

13                    Attorneys for Defendant

                    USA WATER POLO, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO DISMISS CLASS ACTION COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_____ Attorneys at Law _____

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ...................................................................................4

1.      THE FAILURE OF THE NAMED PLAINTIFF TO OBTAIN APPOINTMENT AS THE PURPORTED MINOR PLAINTIFF'S GUARDIAN AD LITEM DEPRIVES THIS COURT OF SUBJECT MATTER JURISDICTION OVER THE CLAIMS SET OUT IN THE COMPLAINT ................................5

2.      THE COMPLAINT'S RELEVANT FACTUAL ALLEGATIONS ......6

3.      COUNT I OF THE COMPLAINT, FOR NEGLIGENCE, FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED..................................................................................7

4.      COUNT II OF THE COMPLAINT, FOR "VOLUNTARY UNDERTAKING", FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.....................................10

5.      COUNT III OF THE COMPLAINT, FOR "MEDICAL MONITORING", FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED ...............................................11

6.      COUNT IV OF THE COMPLAINT, FOR "GROSS NEGLIGENCE", FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED................................12

CONCLUSION...................................................................................................14

3

**MOTION TO DISMISS CLASS ACTION COMPLAINT**

1

# TABLE OF AUTHORITIES

2

***CASES***                                                                                              ***Page***

3

*City of Santa Barbara v. Superior Court,* 41 Cal. 4th 747 (2007) .......................... 12

4

*Connelly v. Mammoth Mountain Ski Area,* 39 Cal.App.4th 8 (1995) ..................... 9

5

*Daniels v. DeSimone,* 13 Cal.App.4th 600 (1993) ................................................. 11

6

*Flast v. Cohen,* 392 U.S. 83 (1968) ........................................................................ 5

7

*Frittelli, Inc. v. 350 North Canon Drive, LP,* 202 Cal.App.4th 35 (2011)............. 12

8

*Gillibeau v. Richmond,* 417 F.2d 426 (9th Cir. 1969) ............................................. 5

9

*Huffman v. City of Poway,* 84 Cal.App.4th 975 (2000) .......................................... 10

10

*Kalter v. Grand Circle LLC,* 631 F.Supp.2d 1253 (C.D. Cal. 2009) ................. 9, 10

11

*St. Clair v. Chico,* 880 F.2d 199 (9th Cir. 1989) ..................................................... 5

12

*St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.),*
      536 F.3d 1049 (9th Cir. 2008) ......................................................................... 13

13

*Williams v. Thompson* (E.D. Cal. Feb. 28, 2013)
      (Case No. CV F 12-2000 LJO GSA), 2013 U.S. Dist. LEXIS 27874,
      2013 WL 772642 ............................................................................................. 7

14

15

16

17

18

***RULES***

19

Federal Rules of Civil Procedure rule 12(b)(1) ........................................................ 5

20

Federal Rules of Civil Procedure rule 12(b)(6) ............................................... 7, 10-13

21

Federal Rules of Civil Procedure rule 17(c)(2)  ...................................................... 5

22

Federal Rules of Civil Procedure rule 8(a)(2) ......................................................... 6

23

24

USDC Central District of California Local Rule 17-1 ............................................. 5

25

26

27

28

4

1. **THE FAILURE OF THE NAMED PLAINTIFF TO OBTAIN APPOINTMENT AS THE PURPORTED MINOR PLAINTIFF'S GUARDIAN AD LITEM DEPRIVES THIS COURT OF SUBJECT MATTER JURISDICTION OVER THE CLAIMS SET OUT IN THE COMPLAINT**

The named plaintiff in this action is Alice Mayall. However, as the caption explains, she purports to be suing "as parent and guardian of minor H.C.". Dkt. 1, cover page, lines 16-16½. The body of the complaint repeats this, and there is nothing in the complaint to indicate that Ms. Mayall is seeking to recover damages on her own behalf in this matter. All of the claims relate to damages allegedly suffered by Ms. Mayall's daughter, identified in the complaint as H.C. (The validity and/or viability of the class action claims are not at issue on this motion to dismiss. See, e.g. *Gillibeau v. Richmond,* 417 F.2d 426, 432 (9th Cir. 1969): "[C]ompliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim".)

However, the complaint explicitly acknowledges that H.C. "is currently 16 years old" and is thus a minor. Dkt. 1, page 7, line 9½. Therefore, pursuant to Federal Rules of Civil Procedure rule 17(c)(2) and Local Rule 17-1, H.C. must be represented in this case by either a legal guardian or a guardian ad litem. While Ms. Mayall describes herself in the caption as H.C.'s "guardian", there is no allegation in the complaint that she has, in fact, been appointed as H.C.'s legal guardian. Nor is there any indication in the docket that either Ms. Mayall or H.C. has filed a petition for the appointment of a guardian ad litem. See Local Rule 17-1.1.

Since Ms. Mayall is not pursuing her own claims, and since she lacks standing to prosecute H.C.'s claims in this matter, and since H.C., as a minor, lacks standing to represent herself in this matter, this Court lacks subject-matter jurisdiction over the claims set out in the complaint. See, e.g., *Flast v. Cohen,* 392 U.S. 83, 94-95 (1968) and *St. Clair v. Chico,* 880 F.2d 199, 201 (9th Cir. 1989). Accordingly, this motion to dismiss should be granted pursuant to Federal Rules of Civil Procedure rule 12(b)(1). ///

**MOTION TO DISMISS CLASS ACTION COMPLAINT**

## 2.   THE COMPLAINT'S RELEVANT FACTUAL ALLEGATIONS

Federal Rules of Civil Procedure rule 8(a)(2) provides that a complaint filed in federal court is to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" (emphasis added).  The complaint filed by the plaintiff in this case is about as un-short and un-plain a statement as one could imagine.  In fact, it sprawls over 78 pages and 231 paragraphs.  But the facts relevant to H.C.'s claims against defendant USA Water Polo, Inc. can be stated in just a few paragraphs.

The complaint alleges that in February 2014, H.C. was a member of the "LARPD Lazers Water Polo Club, 'a USA Water Polo registered club ...'" Dkt 1, page 7, lines 10½-11½.  According to the plaintiff, "[w]ater polo is rough and physical game".  Dkt 1, page 1, line 24½.  "[H]ead and facial injuries are common", including concussions. Dkt. 1, page 2, lines 5, 11. See also the waiver and release agreed to by the plaintiff to become a member of USA Water Polo, Inc. – a redacted copy of which is attached as Exhibit 1 to the accompanying Request For Judicial Notice In Support Of Motion To Dismiss Class Action Complaint – in which the plaintiff acknowledged that she was aware of and appreciated "the risks, including the risk of catastrophic injury, paralysis and even death, as well as other damages and losses, associated with participation in a water polo event."

The plaintiff alleges that "[o]n February 15, 2014, while playing goalie in a tournament for the Lazers, H.C. was hit hard in the face by a shot which led to a concussion." Dkt 1, page 8, lines 6-7.  "H.C. told her coach that she wanted to return to play despite suffering a concussion.  She was not taken out of the game.  No one from the team or USA Water Polo provided her with any treatment nor was any athletic trainer or medical personnel present to provide treatment." Dkt 1, page 8, lines 11-15.

"During subsequent tournament games played on February 15, 2014, H.C. took additional hits to the head, exacerbating the initial injury. Again, the hits were observed by H.C.'s coach and the referee, the game was not stopped, and she was not evaluated by the team nor was any

6

1    medical personnel present to provide treatment.  No sideline assessment

2    was performed nor was H.C. removed from the games."

3  Dkt 1, page 8, lines 16-20.

4        The plaintiff alleges that she suffered serious injury as a result of the hits to her

5  head that she received during the games on February 15, 2014 and continues to suffer

6  from that injury.  Dkt 1, paragraphs 27-32 on pages 8-9 and 35-36 on page 10.

7        The plaintiff alleges that defendant USA Water Polo "did not enforce or enact

8  any policies, regulations, or rules requiring that teams educate coaches or athletes on

9  what symptoms may be signs of a concussion." Dkt 1, page 10, lines 1-3.  The plaintiff

10  further alleges that the defendant failed to educate players and parents concerning the

11  symptoms of concussion, failed to warn of the risk resulting from repeated concusions

12  and subconcussive hits, failed to disclose the risks of long-term complications from

13  repeated concussion and return to play, failed to disclose the role of repeated

14  concussions or subconcussive hits in causing chronic cognitive decline, and failed to

15  promulgate rules and regulations to address the dangers of repeated concussions and

16  subconcussive hits and a return-to-play policy to minimize long term chronic cognitive

17  problems and rules to minimize the risk of players suffering concussions.  See Dkt. 1,

18  paragraphs 204 and 213 at pages 70-73.

19
      **3.    COUNT I OF THE COMPLAINT, FOR NEGLIGENCE, FAILS
20           TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

21        Federal Rules of Civil Procedure rule 12(b)(6) allows a defendant to move to

22  dismiss a complaint, or a portion of a complaint, on the ground that the complaint fails

23  "to state a claim upon which relief can be granted".  "A F.R.Civ.P. 12(b)(6) dismissal is

24  proper where there is either a 'lack of a cognizable legal theory' or 'the absence of

25  sufficient facts alleged under a cognizable legal theory.'  A F.R.Civ.P. 12(b)(6) motion

26  'tests the legal sufficiency of a claim.'"  *Williams v. Thompson,* 2013 U.S. Dist. LEXIS

27  27874, *4,  2013 WL 772642, *2 (E.D. Cal. Feb. 28, 2013) (Case No. CV F 12-2000

28  LJO GSA).

Count I of the plaintiff's complaint is for negligence, alleging that defendant USA Water Polo, Inc. breached a duty it supposedly owed the plaintiff "to supervise, regulate, monitor, and provide reasonable and appropriate rules to minimize the risk of injury to the players." Dkt 1, page 69, lines 23½-25½. However, California law does not impose such a duty on an entity like the defendant in situations such as those alleged in this complaint.

"'The question of the existence and scope of a defendant's duty of care is a legal question which depends on the nature of the sport or activity in question and on the parties' general relationship to the activity, and is an issue to be decided by the court, rather than the jury.' *Knight v. Jewett,* 3 Cal.4th 296, 313, 11 Cal.Rptr.2d 2, 834 P.2d 696 (1992). The doctrine of primary assumption of the risk applies where 'the defendant owes no legal duty to protect the plaintiff from the particular risk of harm that caused the injury.' *Id.* at 314-315. To determine if primary assumption of the risk applies, courts look to the nature of the activity, and the parties' relationship to that activity. *Branco v. Kearny Moto Park, Inc.,* 37 Cal. App. 4th 184, 190, 43 Cal. Rptr. 2d 392 (1995). The question turns on whether the plaintiffs injury is within the 'inherent' risk of the activity. *Neinstein v. Los Angeles Dodgers, Inc.,* 185 Cal.App.3d 176, 182, 229 Cal.Rptr. 612 (1986). A risk is inherent to an activity if its elimination would chill vigorous participation in the activity and thereby alter the fundamental nature of the activity. *Knight,* 3 Cal.4th at 318. Accordingly, 'the doctrine of primary assumption of risk applies where "conditions or conduct that otherwise might be viewed as dangerous often are an integral part" of the activity itself.' *Andia v. Full Serv. Travel,* No. 06-437, 2007 U.S. Dist. LEXIS 88247, at *13 (S.D. Cal. Nov. 29, 2007) (citing *Knight,* 3 Cal.4th at 315). When primary assumption of the risk applies, a defendant is only liable for a plaintiffs injuries 'if the defendant "engages

8

**MOTION TO DISMISS CLASS ACTION COMPLAINT**

1    in conduct so reckless as to be totally outside the range of the ordinary

2    activity involved in the sport or activity" or increases the inherent risk

3    involved in the activity.' *Id.* (citing *Saville v. Sierra College,* 133

4    Cal.App.4th 857, 866, 36 Cal.Rptr. 3d 515 (Cal. Ct. App. 2005))."

5    *Kalter v. Grand Circle LLC,* 631 F.Supp.2d 1253, 1257 (C.D. Cal. 2009).

6           "Primary assumption of risk arises where a plaintiff voluntarily

7    participates in an activity or sport involving certain inherent risks; primary

8    assumption of risk does bar recovery because no duty of care is owed as to

9    such risks. (*Knight v. Jewett, supra,* 3 Cal.4th at pp. 314-316;

10   *Wattenbarger v. Cincinnati Reds, Inc., supra,* 28 Cal.App.4th at p. 751.)

11   'For example, an errantly thrown ball in baseball or a carelessly extended

12   elbow in basketball are considered inherent risks of those respective

13   sports.' (*Wattenbarger, supra,* at p. 751.) The existence and scope of a

14   defendant's duty of care in the primary assumption of risk context 'is a

15   legal question which depends on the nature of the sport or activity ... and

16   on the parties' general relationship to the activity, and is an issue to be

17   decided by the court, rather than the jury.' (*Knight, supra,* at p. 313,

18   italics in original.)

19   *Connelly v. Mammoth Mountain Ski Area,* 39 Cal.App.4th 8, 11-12 (1995).

20          The primary assumption of risk doctrine clearly applies to the situation described

21   by the plaintiff in her complaint.  H.C. was allegedly injured as a result of being hit in

22   the head several times by balls in the course of water polo games in which she was

23   voluntarily participating.  The plaintiff's own allegations indicate that being hit in the

24   head, and suffering concussions as a result of such occurrences, is an inherent risk of

25   the sport.  See Dkt 1, paragraphs 4-6 on pages 1-2.  ("As a result, head and facial

26   injuries are common either through direct contact or contact with the ball.")  That being

27   the case, defendant USA Water Polo, Inc., as a matter of law, did not have a duty to

28   protect the plaintiff from those risks.

**MOTION TO DISMISS CLASS ACTION COMPLAINT**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

The defendant can only be held liable in situations such as this if it either engaged in conduct "so reckless as to be totally outside the range of the ordinary activity involved in the sport or activity" or took actions that "increase[d] the inherent risk involved in the activity." *Kalter, supra,* 631 F.Supp.2d at 1257. There are no facts alleged in the complaint showing that the defendant did either.

In particular, the plaintiff's assertion that the defendant owed the plaintiff a duty to take steps "to minimize the risk of injury to the players", Dkt 1, page 69, lines 24½-25½, is inconsistent with the scope of the primary assumption of risk doctrine. "The conclusion that a particular activity necessarily encompasses risks inherent in the nature of the activity means that ***the defendant has no duty to protect the plaintiff from those risks or to take steps to reduce those risks***." *Huffman v. City of Poway,* 84 Cal.App.4th 975, 994 (2000); emphasis added.

Since the facts alleged by the plaintiff herself in the complaint show that the primary assumption of risk doctrine applied to the activity in which H.C. was participating at the time she was injured, and since there is no allegation of any conduct by the defendant that would make application of the doctrine inappropriate in this instance, Count I of the plaintiff's complaint fails "to state a claim upon which relief can be granted". Fed.R.Civ.P. 12(b)(6). Accordingly, this motion to dismiss should be granted as to Count I of the complaint.

**4. COUNT II OF THE COMPLAINT, FOR "VOLUNTARY UNDERTAKING", FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

In Count II of her complaint, the plaintiff essentially repeats the allegations of Count I, the only change of significance being that the plaintiff asserts in this count that defendant USA Water Polo, Inc. "voluntarily assumed" a duty "to supervise, regulate, monitor, and provide reasonable and appropriate rules to minimize the risk of injury to the players" (Dkt 1, page 71, lines 24½-26½) rather than such a duty being owed by the defendant as a matter of law. The allegations set out in the complaint are not sufficient

10

1   to impose liability on the defendant under such a theory even if it were true that the
2   defendant had voluntarily assumed such a duty towards H.C.

3        Under California law, it is not enough simply to assert that a defendant has
4   voluntarily assumed a duty of care not otherwise imposed on that defendant as a matter
5   of law. "In most cases, some form of detrimental reliance by a plaintiff on the
6   defendant is an essential element of a voluntary assumption of a duty theory." *Daniels*
7   *v. DeSimone,* 13 Cal.App.4th 600, 610 (1993). There is nothing in the complaint to
8   suggest that H.C. in any way relied on the defendant having supposedly voluntarily
9   assumed a duty "to supervise, regulate, monitor, and provide reasonable and
10  appropriate rules to minimize the risk of injury to the players." Dkt 1, page 71, lines
11  25½-26½. Nor is there anything in the complaint to indicate that H.C.'s injuries were
12  the result of her having detrimentally relied on such a voluntarily assumed duty of care
13  by the defendant, given that  H.C. could not help but be aware that she was at risk of
14  being struck in the head by thrown balls during the course of the water polo games in
15  which she was voluntarily participating.

16       So, as with Count I, Count II of the plaintiff's complaint fails "to state a claim
17  upon which relief can be granted", Fed.R.Civ.P. 12(b)(6), and accordingly this motion
18  to dismiss should be granted as to Count II of the complaint.

19
20  **5.    COUNT III OF THE COMPLAINT, FOR "MEDICAL MONITORING", FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**
21

22       Count III of the complaint does not allege an actionable theory of recovery
23  against the defendant. Rather, it sets out relief that the plaintiff is seeking for the
24  injuries she claims to have suffered. Indeed, she has explicitly requested exactly that
25  relief as part of both Count I – see Dkt. 1, paragraph 208 at page 71 – and Count II –
26  see Dkt. 1, paragraph 217 at page 73.

27       Since Count III does not assert a claim for relief different from the claims for
28  relief set out in Counts I, II, and IV – and in fact fails to assert any claim for relief at all

11

1  – it *per se* fails "to state a claim upon which relief can be granted".  Fed.R.Civ.P.

2  12(b)(6).  Accordingly, this motion to dismiss should be granted as to Count III of the

3  complaint.

4  **6.      COUNT IV OF THE COMPLAINT, FOR "GROSS
5           NEGLIGENCE", FAILS TO STATE A CLAIM ON WHICH
          RELIEF CAN BE GRANTED**

6

7          In Count IV of her complaint, the plaintiff essentially repeats the allegations of

8  Count I, the only change of significance being that the plaintiff asserts in this count that

9  the actions of defendant USA Water Polo, Inc. "demonstrate[] a want of even scat [sic]

10 care and an extreme departure from the ordinary standard of conduct." Dkt. 1, page 76,

11 lines 25½- 26½.  This additional language is reflective of the difference in California

12 law between claims of ordinary negligence and gross negligence.

13          "We begin by defining the terms that underlie the issue presented.

14     Ordinary negligence – an unintentional tort – consists of a failure to

15     exercise the degree of care in a given situation that a reasonable person

16     under similar circumstances would employ to protect others from harm.

17          Gross negligence long has been defined in California and other

18     jurisdictions as either a want of even scant care or an extreme departure

19     from the ordinary standard of conduct."

20 *City of Santa Barbara v. Superior Court,* 41 Cal. 4th 747, 753-754 (2007); footnote,

21 citations, and internal quotation marks omitted.

22          Gross negligence, like ordinary negligence, still requires proof of "the traditional

23 elements of negligence: duty, breach, causation, and damages."  *Frittelli, Inc. v. 350*

24 *North Canon Drive, LP,* 202 Cal.App.4th 35, 52 (2011).  As discussed in Section 3

25 above, under the primary assumption of risk doctrine, defendant USA Water Polo, Inc.

26 did not owe a legal duty to the plaintiff to minimize H.C.'s risk of injury arising from

27 her voluntary participation in the sport of water polo.  Similarly, as discussed in Section

28 4 above, the allegations of the complaint are insufficient to show that the defendant

12

**MOTION TO DISMISS CLASS ACTION COMPLAINT**

1  voluntarily assumed such a duty of care towards the plaintiff.

2      Thus, the allegations of the complaint fail to establish the elements of duty or

3  breach that are essential to a claim of gross negligence. Consequently, that claim fails

4  for the same reasons as do the claims set out in Counts I and II.

5      Further, a district court, in ruling on a motion to dismiss, is not "required to

6  accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

7  unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.),*

8  536 F.3d 1049, 1055 (9th Cir. 2008). The plaintiff's assertion that the actions of the

9  defendant "demonstrate[] a want of even scat [sic] care and an extreme departure from

10  the ordinary standard of conduct", Dkt. 1, page 76, lines 25½- 26½, are simply

11  conclusory, and are not supported by the factual allegations actually set out in the

12  complaint. The facts alleged in Count IV are no different than those alleged in Count I

13  and simply do not demonstrate a "want of even scant care" or an "extreme departure

14  from the ordinary standard of conduct". So the plaintiff has failed to sufficiently allege

15  this essential element of her claim of gross negligence as well.

16      Accordingly, Count IV of the plaintiff's complaint fails "to state a claim upon

17  which relief can be granted", Fed.R.Civ.P. 12(b)(6), and therefore this motion to dis-

18  miss should be granted as to Count IV of the complaint.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

## CONCLUSION

2        For all of these reasons, the defendant's motion to dismiss should be granted as

3  to the complaint in its entirety, due to a lack of subject matter jurisdiction, and as to

4  each of the four counts set out in the complaint, due to the plaintiff's failure to state a

5  claim upon which relief can be granted in any of them.

6

7  Dated: April 1, 2015                    Respectfully submitted,

8                                          **MANNING & KASS**

9                                          **ELLROD, RAMIREZ, TRESTER  LLP**

10
                             By:    /s/  *Steven J. Renick*
11                                  JEFFREY M. LENKOV
                                    STEVEN J. RENICK
12                                  STEVEN C. AMUNDSON
                                    Attorneys for Defendant
13                                  USA WATER POLO, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO DISMISS CLASS ACTION COMPLAINT**