STEVE W. BERMAN (*Pro Hac Vice*)
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
F: (206) 623-0594

ELAINE T. BYSZEWSKI (SBN 222304)
elaine@hbsslaw.com
CHRISTOPHER R. PITOUN (SBN 290235)
christopherp@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
T: (213) 330-7150
F: (213) 330-7152

[Additional Counsel Listed on Signature Page]

*Attorneys for Plaintiff Hannah Carlson, individually and on behalf all others similarly situated*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| HANNAH CARLSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USA WATER POLO, INC.,<br><br>Defendant. | No. 8:15-cv-00171-JFW-KES<br><br>**PLAINTIFF'S LOCAL RULE 7-3 STATEMENT REGARDING SECOND RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Date:   August 31, 2020 at 1:30 p.m.<br>Time:   1:30 P.M.<br>Crtrm:  7A<br>Judge:  Hon. John F. Walters<br>Pretrial Conference: February 5, 2021<br>Trial: February 23, 2022 |

Pursuant to Local Rule 7-3 and this Court's Standing Order (*see* Dkt. 169 at 7–9), Counsel for Plaintiff submits the following Local Rule 7-3 Statement.

Specifically, on July 31, 2020, Counsel for Plaintiff reached out to Lead Counsel for Defendant (Jeffrey Lenkov) to request Defendant's availability to meet and confer by teleconference[1] regarding Plaintiff's forthcoming Second Renewed Motion for Class Certification. *See* Ex. 1.[2] Because the Second Renewed Motion for Class Certification raises identical issues and arguments that the parties have twice fully briefed, counsel for Plaintiff included the most recent set of briefing. In response, Lead Counsel for Defendant declined Plaintiff's request to confer, and instead of discussing the substance of the contemplated motion, cited the timing requirements associated with Local Rule 7-3 conferences and statements. *See* Ex. 2. Nevertheless, counsel for Plaintiff reiterated their availability to confer, Ex. 3, but Lead Counsel for Defendant again declined. Ex. 4.

Despite this backdrop, it is clear that the parties have thoroughly discussed "the substance of the contemplated motion and any potential resolution," including as reflected in the fact that the substance of the motion has now been *twice* previously briefed. The below procedural history confirms as much:

- Plaintiff initially filed the Motion for Class Certification on December 11, 2015 (Dkt. 60), which Defendant opposed in its entirety on February 9, 2016 (Dkt. 78). Plaintiff replied on March 25, 2016 (Dkt. 82). On April 6, 2016, the Court took this first motion for class certification off calendar as moot and vacated the class certification hearing. (Dkt. 84).

---

[1] Good reason for proceeding telephonically rather than in person exists given that lead counsel for Plaintiff and Defendant are based in Seattle, WA and Los Angeles, CA respectively as well as the restrictions caused by the ongoing COVID-19 pandemic.

[2] True and correct copies of all exhibits are attached to this statement.

- Following remand by the Ninth Circuit, the parties jointly prepared and submitted a Joint Stipulation for Lift of Discovery Stay and Entry of Agreed Scheduling Order. (Dkt. 133). Per that Joint Stipulation, "the Parties have agreed that the deadline for Plaintiff to renew the Motion for Class Certification Will be 180 days following the Court's lift of the discovery stay" and set out the parties' agreed briefing schedule for Defendant's response and Plaintiff's Reply thereto. (Dkt. 133 at 2). Per the Court's Order granting Joint Stipulation for Entry of Agreed Scheduling Order (Dkt. 134), the Court directed that "[t]he deadline for Plaintiff's renewed Motion for Class Certification shall be November 5, 2019." (Dkt. 134 at 1).

- In accordance with that schedule, which again contemplated that the issue of class certification was and would be disputed, on November 5, 2019, Plaintiff filed the Renewed Motion for Class Certification (Dkt. 148), which Defendant again opposed in its entirety on December 20, 2019 (Dkt. 163). Plaintiff replied on January 29, 2020 (Dkt. 165). On February 7, 2020, the Court denied without prejudice all pending motions following reassignment of the case from Judge Guilford. (Dkt. 170).

- Following assignment to this Court, on May 5, 2020, Plaintiff circulated a draft Joint Report to be filed with the Court by May 11, 2020 (Dkt. 172). To finalize the report, Plaintiff and Defendant conferred regarding scheduling including the anticipated filing of the contested renewed class certification motion. To that end, Defendant requested Plaintiff suggest a last date for hearing "in relation to resolution of the class certification motion . . ." and the parties conferred by phone conference on May 11, 2020. Ex. 5.

- And in multiple places, the parties' filed May 11, 2020 Joint Rule 26(f) Report reflects the contemplated filing of a contested motion for class certification and the necessity of the Court ruling on the same. *See* Dkt. 172 at 3:18–20, 5:12–22, 6:27–7:15, 9:3–4

- And more recently, on June 16, 2020, the parties filed a joint stipulation to extend the deadlines for expert discovery [Dkt. 175]. Defendant suggested ". . . expert discovery be continued to dates following the hearing on the motion for class certification," again indicating the parties' intent to renew the identical briefing for the motion for class certification in the present case. Ex. 6.

As a result of the foregoing, the issue of class certification remains in dispute between the parties, and the parties have, and continue to be, unable to reach a resolution which would eliminate the necessity for a hearing. L.R. 7-3. Accordingly, for the reasons provided above, good cause exists for the Court to find that a hearing remains necessary, notwithstanding the timing of any teleconference or Defendant's refusal to engage in a teleconference to discuss "the substance of the contemplated motion and any potential resolution." L.R. 7-3.

| | |
|---|---|
| DATED: August 3, 2020 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | By:  */s/ Daniel J. Kurowski* |
| | Elaine T. Byszewski (SBN 222304) |
| | Christopher R. Pitoun (SBN 290235) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 301 North Lake Avenue, Suite 920 |
| | Pasadena, CA 91101 |
| | T: (213) 330-7150 |
| | F: (213) 330-7152 |
| | elaine@hbsslaw.com |
| | christopherp@hbsslaw.com |
| | |
| | Steve W. Berman (*Pro Hac Vice*) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 1301 Second Avenue, Suite 2000 |
| | Seattle, WA 98101 |
| | T: (206) 623-7292 |
| | F: (206) 623-0594 |
| | steve@hbsslaw.com |
| | |
| | Daniel J. Kurowski (*Pro Hac Vice*) |
| | Whitney Siehl (*Pro Hac Vice*) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 455 N. Cityfront Plaza Drive, Suite 2410 |
| | Chicago, IL 60611 |
| | T: (708) 628-4949 |
| | F: (708) 628-4950 |
| | dank@hbsslaw.com |
| | whitneys@hbsslaw.com |
| | |
| | *Attorneys for Plaintiff Hannah Carlson, individually and on behalf of all others similarly situated* |

**PROOF OF SERVICE**

*Hannah Carlson, individually and on behalf of*
*all others similarly situated v. USA Water Polo, Inc.*
**USDC SOUTHERN DISTRICT OF CALIFORNIA**
**CASE NO. 8:15-cv-00171-JFW-KES**

At the time of service I was over 18 years of age and not a party to this action. I am employed in Cook County, Illinois. My business address is 455 North Cityfront Plaza Drive, Suite 2410, Chicago, Illinois 60611.

On August 3, 2020 I caused to be served true copies of the foregoing, together with all exhibits thereto, on the interested parties in this action as follows:

**VIA E-MAIL:**

Jeffrey M. Lenkov
Steven J. Renick
Steven C. Amundson
MANNING & KASS, ELLROD,
RAMIREZ, TRESTER LLP
801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017-3012
JML@manningllp.com
SJR@manningllp.com
SCA@manningllp.com

*Attorneys for Defendant USA Water Polo, Inc.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

　　　　　　　　　　　　　　　*/s/ Daniel J. Kurowski*
　　　　　　　　　　　　　　　Daniel J. Kurowski