Jeffrey M. Lenkov, Esq. (State Bar No. 156478)
*jml@manningllp.com*
Steven J. Renick, Esq. (State Bar No. 101255)
*sjr@manningllp.com*
Derik A. Sarkesians, Esq. (State Bar No. 311617)
*das@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant
USA WATER POLO, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE MAYALL, as parent and guardian of minor H.C., on behalf of H.C. and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USA WATER POLO, INC.,<br><br>Defendant. | Case No. 8:15-cv-00171-JFW (KESx)<br><br>**EX PARTE APPLICATION TO STRIKE UNTIMELY SECOND RENEWED MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN J. RENICK**<br><br>**Pre-Trial Conf.:** **February 5, 2021**<br>**Trial:** **February 23. 2021** |

Defendant USA Water Polo, Inc. hereby applies ex parte for an order striking and taking off-calendar the Plaintiff's Notice Of Motion And Second Renewed Motion For Class Certification, filed herein on August 3, 2020 as Document 178, on the ground that the motion was untimely filed and was filed in violation of provisions of the Local Rules, the Court's Standing Order (Doc. 169) and the Court's Scheduling And Case Management Order (Doc. 174). Specifically, the hearing date for pending motion (August 31, 2020) is after the "Last day for hearing Motion for Class Certification" as set out in the Scheduling And Case Management

Manning & Kass
Ellrod, Ramirez, Trester LLP
*Attorneys at Law*

1    Order, and the plaintiff failed to timely meet-and-confer in regard to their motion

2    even if the selected hearing date had been timely.

3        This application is made pursuant to Local Rule 7-19 is based this notice of

4    motion; the accompanying memorandum of points and authorities and declaration of

5    Steven J. Renick; this Court's Standing Order (Doc. 169) and Scheduling And Case

6    Management Order (Doc. 174); the Local Rules; the papers and records on file with

7    this Court; and upon such further oral or documentary evidence as may be presented

8    to the Court prior to or at the time of any hearing on this application.

9        Pursuant to Local Rule 7-19.1, on August 5, 2020, defense counsel Steven J.

10   Renick spoke by telephone with plaintiff's counsel Daniel J. Kurowski regarding

11   the issues raised by this application and inquired whether the plaintiff intended to

12   oppose this application.  Mr. Kurowski stated that the plaintiff intends to oppose this

13   application.

14       **THE PLAINTIFF IS HEREBY NOTIFIED THAT, PURSUANT TO**

15   **THE COURT'S STANDING ORDER, "<u>ANY OPPOSITION MUST BE</u>**

16   **<u>FILED NOT LATER THAN TWENTY-FOUR HOURS AFTER THE FILING</u>**

17   **<u>OF THE EX PARTE APPLICATION</u>."  (Doc. 169, page 12, lines 20-22)**

18

19   Dated:  August 5, 2020                    **MANNING & KASS**
                                              **ELLROD, RAMIREZ, TRESTER  LLP**
20
                          By:    ***/s/   Steven J. Renick***
21                                        JEFFREY M. LENKOV
22                                        STEVEN J. RENICK
                                          DERIK A. SARKESIANS
23                                        *Attorneys for Defendant*
                                          USA WATER POLO, INC.
24

25

26

27

28

**EX PARTE APPLICATION TO STRIKE UNTIMELY SECOND RENEWED MOTION FOR CLASS CERTIFICATION**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

On August 3, 2020, the plaintiff filed her Second Renewed Motion For Class Certification (Doc. 178), which is set for hearing on August 31, 2020.  The motion was untimely filed and was filed in violation of several provisions of the Local Rules, the Court's Standing Order (Doc. 169), and the Court's Scheduling And Case Management Order (Doc. 174).

Specifically, on February 5, 2020, following the transfer of this case to the Hon. John F. Walter, this Court issued its Standing Order (Doc. 169).  That Order provides that "[m]otions shall be filed in accordance with the Local Rules. This Court hears motions on Mondays commencing at 1:30 p.m."  (Doc. 169, page 6, lines 25-27.)  Local Rule 6-1 requires that "[t]he notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically … not later than twenty-eight (28) days before the Motion Day designated in the notice."  Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly … the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion."

This Court's Standing Order further provides that "[a]ll 7-3 conferences shall be conducted … by lead counsel. ….  Within three days of the conference, counsel shall file a joint statement indicating the date of, duration of, and method of communication used during the conference and the participants in the conference. In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining."  (Doc. 169, page 8, lines 8-9, 21-26.)  The Standing Order provides that "[f]ailure to strictly comply with the Court's requirements or Local Rule 7-3 will result in the striking and/or the denial of the motion."  (Doc. 169, page 8, line 26 - page 9, line 2.)

On June 5, 2020, this Court issued a new Scheduling And Case Management Order (Doc 174) for this case.  In that Order, the Court ordered that "[a]ll law and motion matters, except for motions in limine, must be set for hearing (not filed) by the motion cut-off date specified on the last page of this Order. The Court will deny or strike late-filed motions."  (Doc 174, page 5, line 26 – page 6, line 1.)  On the last page of the Scheduling Order is a chart titled "Judge John F. Walter Schedule Of Trial And Pre-Trial Dates".  The chart specifically provides that the "Last day for hearing Motion for Class Certification" is "8/30/20".  (Doc. 174, page 34, line 18.) The last Monday hearing date prior to August 30, 2020 is August 24, 2020.

Pursuant to Local Rule 6-1, the last day to file a motion for hearing on August 24th was July 27, 2020.  As noted above, the plaintiff did not file her motion for class certification until August 3, 2020.  Further, she set her motion for hearing on August 31, 2020, after the last day established in the Scheduling Order for the hearing of such a motion.

The plaintiff likely will argue that the August 30th deadline for hearing the class certification motion as set out in the Scheduling Order must have been a typographical error, because August 30th is a Sunday, and therefore the Court must have intended the last day to hear such a motion to be Monday, August 31, 2020. However, that is not a determination that the plaintiff should have been unilaterally making.  As this Court explained in its Standing Order, "[n]o application or stipulation to extend the time to file any required document or to continue any date is effective unless and until the Court approves it."  (Doc. 169, page 13, lines 7-9) Therefore, if the plaintiff believed that the August 30, 2020 deadline set out in the Scheduling Order needed to be changed, it was obliged to first ask the Court to make that change.

The plaintiff will likely also argue that since the deadline for hearing the class certification motion was a Sunday, the deadline was extended to the following Monday (August 31, 2020) pursuant to Federal Rules of Civil Procedure rule 6(a).

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

However, rule 6(a) applies to "computing any *time period* specified in these rules, in any local rule or court order" (emphasis added).

Here, the Scheduling Order did not establish a period of time within which the class certification motion needed to be heard. Rather, it set the last day by which the motion could be heard. In other words, the Court's order was that the class certification motion had to be heard on or before August 30, 2020. The fact that the motion could not actually be heard on August 30th merely meant that it had to be heard prior to that date.

The Notes of the Advisory Committee on Rules regarding the 2009 amendments to Rule 6 are consistent with this interpretation of Rule 6(a).

> The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in *Violette v. P.A. Days, Inc.,* 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"), and reject the contrary holding of *In re American Healthcare Management, Inc.,* 900 F.2d 827, 832 (5th Cir. 1990) (holding that Bankruptcy Rule 9006(a) governs treatment of date-certain deadline set by court order).

But even if the deadline for hearing a motion for class certification had actually been August 31, 2020, the plaintiff still violated both the Local Rules and this Court's orders in regard to the mandatory meet-and-confer process that must precede the filing of any motion in this Court. Specifically, for a motion filed on August 3, 2020, the Rule 7-3 conference would have had to have been completed no later than July 27, 2020.

Yet, as acknowledged by the plaintiff in her Plaintiff's Local Rule 7-3 Statement Regarding Second Renewed Motion For Class Certification (Doc. 177), plaintiff's counsel did not attempt to arrange such a conference until July 31, 2020. "[O]n July 31, 2020, Counsel for Plaintiff reached out to Lead Counsel for Defendant (Jeffrey Lenkov) to request Defendant's availability to meet and confer

5

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    by teleconference regarding Plaintiff's forthcoming Second Renewed Motion for

2    Class Certification."  (Doc. 177, page 2 of 6, lines 3-6; footnote omitted.)  (See also

3    paragraphs 2-4 of the attached Declaration of Steven J. Renick.)

4         The plaintiff's failure to conduct a Rule 7-3 conference at least seven days

5    prior to the filing of her Second Renewed Motion For Class Certification violates

6    the explicit requirements of Local Rule 7-3.  At no point has the plaintiff offered any

7    explanation to the defendant for the plaintiff's failure to attempt to timely conduct a

8    Rule 7-3 conference.

9         Ex parte relief is required in this instance because there is not sufficient time

10   for the defendant to seek the requested relief by a normally noticed motion.  Any

11   such motion could not be heard until after the scheduled hearing of the plaintiff's

12   pending motion for class certification, and well after the due date for the defendant's

13   opposition to that motion, which is currently due by this coming Monday, August

14   10, 2020.

15        If this ex parte application is not granted, the defendant will be required to file

16   a full opposition to the plaintiff's class certification motion on August 10th, even if

17   this Court later determines, following the hearing of the plaintiff's motion on

18   August 31, 2020, that the motion should be denied as a result of the plaintiff's

19   failure to timely file her motion and/or failure to timely meet-and-confer regarding

20   that motion.  In such a situation, the defendant will have unnecessarily incurred the

21   time and expense of preparing its full opposition to the plaintiff's motion, and then

22   preparing for and appearing at the hearing on that motion, to the obvious prejudice

23   of the defendant.

24        As discussed in the accompanying declaration of defense counsel Steven J.

25   Renick, the defendant brought these concerns to the attention of plaintiff's counsel

26   the same day he first contacted defense counsel about conducting a Rule 7-3

27   conference in regard to the plaintiff's class certification motion.   The defense

28   requested that the plaintiff voluntarily withdraw her motion and seek permission of

1  this Court to file the motion, notwithstanding that the deadline established in the

2  Scheduling Order had passed.   Plaintiff's counsel declined to do either of those

3  things, thereby necessitating the filing of this ex parte application.

4

5                                      **CONCLUSION**

6          For all these reasons, the defendant requests that the Court issue an order

7  striking and taking off-calendar the Plaintiff's Notice Of Motion And Second

8  Renewed Motion For Class Certification, filed herein on August 3, 2020 as

9  Document 178.

10

11  Dated:  August 5, 2020                          Respectfully submitted,

12                                                  **MANNING & KASS**
                                                    **ELLROD, RAMIREZ, TRESTER  LLP**
13

14                                     By:   */s/   Steven J. Renick*
                                             JEFFREY M. LENKOV
15                                           STEVEN J. RENICK
                                             DERIK A. SARKESIANS
16
                                             *Attorneys for Defendant*
17                                           USA WATER POLO, INC.

18

19

20

21

22

23

24

25

26

27

28

7

**DECLARATION OF STEVEN J. RENICK**

I, STEVEN J. RENICK, declare that:

1.    I am an attorney at law duly licensed to practice before this court and all of the courts of the State of California.  I am an attorney with the law offices of Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys for defendant USA WATER POLO, INC. in this matter.  If called upon to do so, I could and would competently testify to the following from my personal knowledge.

2.    On Friday, July 31, 2020, at approximately 12:00 P.M. (PDT), plaintiff's counsel Daniel J. Kurowski telephoned me.  He stated that he was calling to meet-and-confer regarding the plaintiff's motion for class certification they intended to file in this matter.  This was the first communication that I or anyone else in our firm had received from counsel for the plaintiff regarding conducting a Rule 7-3 conference regarding a new motion for class certification to be filed by the plaintiff.

3.    In response, I reminded Mr. Kurowski that, pursuant to the Court's Standing Order, such conferences are supposed to be conducted between lead counsel, which, the case of the defendant in this action, is Jeffrey M. Lenkov. I advised Mr. Kurowki that I would contact Mr. Lenkov regarding his request.  I did contact Mr. Lenkov, but he was participating in a deposition at the time I called and so could not address the issue.

4.    About an hour later, at approximately 1:18 P.M., Mr. Kurowski sent an E-mail to Mr. Lenkov and me "to schedule a meet and confer conference regarding our forthcoming third motion for class certification".  A copy of that E-mail is attached as Exhibit A.

5.    Later that afternoon, Mr. Lenkov E-mailed a letter to Mr. Kurowski responding to his earlier E-mail.  A copy of that letter is attached at Exhibit B.  In that letter Mr. Lenkov noted that "[t]he plaintiff's time to meet-and-confer in

advance of timely filing a motion for class certification has passed", and went on to explain at length the basis for that conclusion.  Mr. Lenkov further noted that, based on the deadline set out in the Court's Scheduling And Case Management Order, the plaintiff had missed her opportunity to file a motion for class certification in this action that would be timely.  Mr. Lenkov explained the basis for that conclusion as well. Mr. Lenkov's letter concluded with the statement: "Accordingly, the plaintiff has missed her opportunity to file a motion for class certification in this action."

6.      Mr. Kurowski responded with an E-mail dated July 31, 2020, sent at approximately 4:43 P.M. (PDT), in which he explained that he was responding to Mr. Lenkov's letter.  He stated that "[o]ur request for your availability to confer remains open, but to avoid any confusion, we reassert our request for a teleconference to occur at or before Monday, August 3rd 2:00 pm PST."  Mr. Lenkov responded by E-mail on Monday, August 3, 2020 at approximately 6:01 A.M. (PDT), stating:  "As indicated, per the Court's order, the time to meet and confer has passed."  A copy of this E-mail exchange is attached as Exhibit C.

7.      On Monday, August 3, 2020, the plaintiff filed her Plaintiff's Notice Of Motion And Second Renewed Motion For Class Certification and her Plaintiff's Local Rule 7-3 Statement Regarding Second Renewed Motion For Class Certification.  On August 4, 2020, after reviewing these pleadings, I drafted and E-mailed a letter to Mr. Kurowski asking that the plaintiff voluntarily withdraw and take off calendar the plaintiff's Second Renewed Motion for Class Certification, and advising him that if he declined to voluntarily withdraw the plaintiff's pending motion, we would be obliged to file an ex parte application with the Court requesting that the motion be struck.  Copies of that letter and the covering E-mail are attached as Exhibit D.

8.      In response, Mr. Kurowski sent me an E-mail stating "I'm available in the morning" (referring to the morning of Wednesday, August 5, 2020).  A copy of that E-mail is attached as Exhibit E.  Mr. Kurowski and I arranged to speak by

9

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  telephone at 10:00 A.M. (PDT) on Wednesday morning.

2       9.     At approximately 10:00 A.M. this morning (Wednesday, August 5,

3  2020), I telephoned Mr. Kurowski and we spoke for approximately 20 minutes

4  regarding the defendant's proposed ex parte application. Mr. Kurowski stated,

5  among other points, that they do not believe that this situation is appropriate for ex

6  parte relief.  I responded that we believe it is appropriate for ex parte relief because

7  unless the motion is struck, our opposition will be due this coming Monday (August

8  10, 2020).

9       10.    Mr. Kurowski responded that their new motion is essentially identical

10 to their last class certification motion, so there shouldn't be any need for us to

11 significantly change our last opposition.  He continued that if we were concerned

12 about the timing of our opposition, they were willing to work with us on that issue.

13 In that regard, he pointed out that we have a mediation scheduled for Friday.  Mr.

14 Kurowski stated that they were willing to request – jointly with us – that the Court

15 vacate the current hearing date for their class certification motion and reschedule the

16 deadline to allow the parties time to try and resolve the case through the mediation

17 process.  I responded I would have to check with Mr. Lenkov and the client.

18      11.    Mr. Kurowski stated that, given that their motion is essentially identical

19 to their prior motion, and the defendant has already opposed that motion, there is

20 really nothing to meet-and-confer about.

21      12.    Finally, when I asked Mr. Kurowski about our position that under the

22 Scheduling Order, the last day on which their motion could be heard was August

23 24th, not August 31st, he said that they disagree about how the order should be

24 interpreted.  He stated that since Judge Walter only hears motions on Mondays, it

25 made no sense that the last day to hear the motion would be a Sunday.  He also said

26 that since the last day set to hear the motion was a Sunday, they believe that the

27 Federal Rules of Civil Procedure extended that last day to the following Monday.

28 ///

**EX PARTE APPLICATION TO STRIKE UNTIMELY SECOND RENEWED MOTION FOR CLASS CERTIFICATION**

13.     I concluded our conversation by advising Mr. Kurowski that I would run his comments by Mr. Lenkov and the client and that we would let them know if we were going to go forward with our ex parte.  Mr. Kurowski stated that while the Court's Standing Order requires that a copy of the ex parte application be either FAXed to or personally served on opposing counsel, he requested that the copy be E-mailed to him, since there was no one in his office today who could receive a FAX.  I agreed to E-mail him the copy, and I stated that I would also FAX a copy to his office.

14.     At approximately 12:45 P.M. this afternoon, I sent an E-mail to Mr. Kurowski advising him that we had decided to go forward with our proposed ex parte application, which we planned on filing later this day (Wednesday, August 5, 2020).

15.     Regarding Mr. Kurowski's offer to ask this Court to vacate the current hearing date for the plaintiff's motion for class certification and to reschedule the deadline for filing that motion, while we appreciate his cooperative attitude, we are not concerned about the August 10, 2020 due date for our opposition to the plaintiff's motion.  Rather, we do not want the defendant to have been put to the time and expense of preparing that opposition if this Court eventually determines, following the hearing of the plaintiff's motion on August 31, 2020, that the motion should be denied as a result of the plaintiff's failure to timely file her motion and/or to timely meet-and-confer regarding that motion.

///
///
///
///
///
///
///

EX PARTE APPLICATION TO STRIKE UNTIMELY SECOND RENEWED MOTION FOR CLASS CERTIFICATION

16.    At no point in our communications with plaintiff's counsel has the plaintiff offered any explanation to the defendant for the plaintiff's failure to attempt to conduct a Rule 7-3 conference regarding the plaintiff's class certification motion prior to July 31, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at Los Alamitos, California on August 5, 2020.

*/s/   Steven J. Renick*

STEVEN J. RENICK

**EX PARTE APPLICATION TO STRIKE UNTIMELY SECOND RENEWED MOTION FOR CLASS CERTIFICATION**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
— Attorneys at Law —

**E X H I B I T   A**

# Carlson v USA Water Polo - Request for Conference of Lead Counsel re Rule 23 Certification

**Daniel J. Kurowski <dank@hbsslaw.com>**

Fri 7/31/2020 1:20 PM

To: Jeffrey Lenkov <JML@manningllp.com>; Steven Renick <SJR@manningllp.com>;

Cc: steve@hbsslaw.com <steve@hbsslaw.com>; whitneys@hbsslaw.com <whitneys@hbsslaw.com>;

📎   3 attachments (9 MB)

2019-11-05 [148] Renewed Motion for Class Cert(1208062.1).pdf; 2019-12-20 [163] Opposition to Renewed Motion for Class Cert. (1220533.1).pdf; 2020-01-29 [165] Reply ISO Motion for Class Certification(1230945.1).pdf;

Jeff,

I am reaching out to you in your capacity as lead counsel for Defendant to schedule a meet and confer conference regarding our forthcoming third motion for class certification, which will track our prior class motions that your group has now twice previously opposed. I have reattached the parties' briefing on the most recent motion for your reference.

Nevertheless, please advise of your availability for a teleconference - to occur at or before Monday, August 3rd 2:00 pm PST - so that we may discuss whether we can be able to reach a resolution on the class motion that would eliminate the necessity for a hearing on the same.

Once we come up with a time that works for you and Steve Berman on our end, I can circulate a calendar invite with conference number.

Thanks in advance,

Dan

**Daniel J. Kurowski** | Partner
**Hagens Berman Sobol Shapiro LLP**
455 North Cityfront Plaza Drive, Suite 2410, Chicago, IL 60611
Direct: (708) 628-4963
DanK@hbsslaw.com | www.hbsslaw.com

Firm News | Cases | Twitter | Facebook



Named 2019 Mass Tort Elite Trial Lawyers by the *National Law Journal* and honored by the American Antitrust Institute for Outstanding Antitrust Litigation also in 2019

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in

error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

**E X H I B I T   B**

STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN *
ALFRED M. DE LA CRUZ
ERWIN A. NEPOMUCENO *
BRIAN T. MOSS *
JEFFREY M. LENKOV
MARGUERITE L. JONAK *
JOHN D. MARINO
MICHAEL L. SMITH
LOUIS W. PAPPAS
EUGENE J. EGAN
CLIFFORD A. CLANCEY
RINAT B. KLIER-ERLICH
ROBERT B. ZELMS †
R. ADAM ELLISON
SCOTT WM. DAVENPORT
JASON J. MOLNAR *
DAVID V. ROTH
JENNIFER L. SUPMAN
KATHLEEN A. HUNT *
STEVEN J. RENICK
JAMES E. GIBBONS
DANIEL B. HERBERT *
MARK A. HAGOPIAN
DONALD R. DAY *
D. HIEP TRUONG
MICHAEL A. WEISMANTEL
JANET D. JOHN *
JOHN M. HOCHHAUSLER
ANTHONY S. VITAGLIANO†
KEVIN H. LOUTH
SHARON S. JEFFREY
DAVID R. REEDER*
TOBY D. BUCHANAN
LADELL H. MUHLESTEIN
RICHARD G. GARCIA
JEANETTE L. DIXON
KENNETH S. KAWABATA
STEVEN AMUNDSON*

RICHARD MACK †
TONY M. SAIN
LALO GARCIA
CHRISTOPHER DATOMI
ANGELA M. POWELL
ANTHONY CANNIZZO
ROLAND TONG
JONATHAN J. LABRUM *
JONATHON D. SAYRE
KAREN LIAO
ZUBIN FARINPOUR
MATTHEW E. KEARL
RODRIGO J. BOZOGHLIAN
TONYA N. MORA
GRETHCHEN COLLIN
JULIE M. FLEMING
ROBERT E. MURPHY *
DONALD R. BECK
ROBERT P. WARGO*
SCOTT A. ALLES †
MAHASTI KASHEFI
HEATHER M. ANTOINE
JASON J. DOSHI
ADAM ROEHRBCK
EMILY EDWARDS
DANIEL SULLIVAN
PAUL MITTELSTADT *
MAE ALBERTO
BRIAN SMITH
PAUL HARSHAW
ANDREA KORNBLAU
MICHAEL WATTS
NISHAN WILDE
LYNN CARPENTER *
DAVID R. RUIZ
NATALYA VASYUK
DERIK SARKESIANS
MARK WILSON
CRAIG SMITH
KARLY K. WHITE
KELSEY NICOLAISEN
FAROUK MANSOUR
KIRSTEN BROWN
JAMILEH HAWATMEH

JEFFREY TSAO
ERIN N. COLLINS
TIFFANY HENDERSON
JONATHAN HACK*
EMILY ELLSE
CURTIS GOLE
ERIC WAHRBURG
CAROL TREASURE
R. SCOTT HARLAN
COURTNEY CASIANO
BRANDON DAWOODTABAR
COURTNEY ARNOLD
RONALD STEWART
MARLON RUFINO
JOSHUA FERGUSON
SALLY FREEMAN*
CHRISTINE LA VORGNA
LIZETTE ALVARADO
IAN KING
CAMERON ARONSON
SAMANTHA KATTAU
ARTHUR KHURIN*
GRACE COLLER
TANYA PROUTY
ELLEN BURACH-ZION
JOSHUA BABATAHER
EVGENIA JANSEN
CHELSEA CLAYTON
NICHOLAS SCOTT
AIDE ONTIVEROS
ALINA SOOKASIAN
LUISA ROSARIO
CORY RAY
XENA MASHBURN
LILIT SHAMIRYAN
ANTOINETTE MARINO*
GLENN JOHNSTON
ELISE DVOROCHKIN
SABIRA SHERMAN
RICHARD MCKIE
ALEXANDRIA DAVIS
EDWIN SASAKI
LARAYA PARNELL
AMY COOPER

NICOLE DYER
KEVIN D. CAMPBELL
DANE CUMMARO
NICOLE HOKKA*
SHELAN TOMA
SHANE ABERGEL
REGINA PETERS
SARA ANTOUIN
RIAHNA BACCHUIS
TORI BAKKEN
TRO ISKEDJIAN
BREE BRYDENTHAL
GARROS CHAN
CHRISTINA TAPIA
ALICIA D. MASSIDAS*
S. CHRISTIAN ANDERSON
WALTER CROWELL
CYNTHIA LANE

OF COUNSEL
ARI MARKOW
TRISHA NEWMAN

*  Admitted in Multiple Jurisdiction
†  Admitted to Practice Law in Arizona
   only
‡  Admitted to Practice Law in Alabama

# MANNING & KASS
# Ellrod, Ramirez, Trester LLP

### ATTORNEYS AT LAW

**M&K E R T**

15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
TELEPHONE:  (213) 624-6900
FACSIMILE:  (213) 624-6999
WEB SITE:  WWW.MANNINGLLP.COM

July 31, 2020

**VIA ELECTRONIC MAIL ONLY**

Daniel J. Kurowski, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410,
Chicago, IL 60611
*E-mail:  DanK@hbsslaw.com*

> **Re:** **Mayall v. USA Water Polo Inc.**
> **USDC Case No. 15-00171**
> **Our File No. 371-48835**

Dear Mr. Kurowski,

I received your E-mail you sent today asking "to schedule a meet and confer conference regarding our forthcoming third motion for class certification". The plaintiff's time to meet-and-confer in advance of timely filing a motion for class certification has passed.

Specifically:  On February 5, 2020, following the transfer of this case to Judge Walter, the Judge issued his Standing Order (Doc. 169). That Order provides that "[m]otions shall be filed in accordance with the Local Rules. This Court hears motions on Mondays commencing at 1:30 p.m." (Doc. 169, page 6, lines 25-27.) Local Rule 6-1 requires that "[t]he notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties

**DALLAS**
901 Main Street, Suite 6530
Dallas, TX 75202
Telephone: (214) 953-7669

**NEW YORK**
One Battery Park Plaza, 4th Floor
New York, NY 10004
Telephone: (212) 858-7769

**ORANGE COUNTY**
19800 MacArthur Blvd, Suite 900
Irvine, CA 92612
Telephone: (949) 440-6690

**PHOENIX**
3636 North Central Avenue, 11th Floor
Phoenix, AZ 85012
Telephone: (602) 313-5469

**SAN DIEGO**
225 Broadway, Suite 1200
San Diego, CA 92101
Telephone: (619) 515-0269

**SAN FRANCISCO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 217-6990

Daniel J. Kurowski, Esq.
**Re:    Mayall v. USA Water Polo Inc.**
July 31, 2020
Page 2

electronically … not later than twenty-eight (28) days before the Motion Day designated in the notice."  Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion."

Judge Walter's Standing Order further provides that "[a]ll 7-3 conferences shall be conducted … by lead counsel.  ….  Within three days of the conference, counsel shall file a joint statement indicating the date of, duration of, and method of communication used during the conference and the participants in the conference. In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining."  (Doc. 169, page 8, lines 8-9, 21-26.)  Judge Walter's Standing Order explicitly provides that "[f]ailure to strictly comply with the Court's requirements or Local Rule 7-3 will result in the striking and/or the denial of the motion."  (Doc. 169, page 8, line 26 - page 9, line 2.)

On June 5, 2020, Judge Walter issued a new Scheduling And Case Management Order (Doc 174) for this case.  In that Order, Judge Walter ordered that "[a]ll law and motion matters, except for motions in limine, must be set for hearing (not filed) by the motion cut-off date specified on the last page of this Order. The Court will deny or strike late-filed motions."  (Doc 174, page 5, line 26 – page 6, line 1.)

The last page of the Scheduling Order is a chart titled "Judge John F. Walter Schedule Of Trial And Pre-Trial Dates".  The chart specifically provides that the "Last day for hearing Motion for Class Certification" is "8/30/20".  (Doc. 174, page 34, line 18.)  The last Monday hearing date prior to August 30, 2020 is August 24, 2020. **Therefore, pursuant to Local Rule 6-1, the last day to file a motion for hearing on August 24th was July 27, 2020.**  That date has passed, and therefore the plaintiff has missed her opportunity to file a motion for class certification in this action.

You may argue that the August 30th deadline for hearing the class certification motion is a typographical error, because August 30th is a Sunday, and therefore the judge must have intended the last day to hear such a motion to be Monday, August 31, 2020. Assuming that were true, then the last day on which the motion could be timely filed per Local Rule 6-1 would be this coming Monday, August 3, 2020.  However, for a motion filed on August 3, 2020, the Rule 7-3 conference would have had to have been completed no later than this past Monday, July 27, 2020.  That also did not happen.  Further, the last possible day on which the joint statement regarding the Rule 7-3 conference could have

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW
M&K
ERT

Daniel J. Kurowski, Esq.
**Re:    Mayall v. USA Water Polo Inc.**
July 31, 2020
Page 3


been filed, as required under Judge Walter's Standing Order, would have been yesterday, **July 30, 2020** (three days after July 27th).  That too did not happen.

Accordingly, the plaintiff has missed her opportunity to file a motion for class certification in this action.


Very truly yours,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP B**

Jeffrey Lenkov

Jeffrey M. Lenkov, Esq.


cc:    Steve W. Berman  (*E-mail: steve@hbsslaw.com*)
       Whitney K. Siehl  (*E-mail: whitneys@hbsslaw.com*)

4821-7164-4102.1

**E X H I B I T   C**

# Re: Mayall v. USA Water Polo Inc.

## Steven Renick

Wed 8/5/2020 2:36 PM

To: Steven Renick <SJR@manningllp.com>;

**From:** Jeffrey Lenkov <JML@manningllp.com>
**Date:** August 3, 2020 at 6:01:38 AM PDT
**To:** "Daniel J. Kurowski" <dank@hbsslaw.com>
**Cc:** "steve@hbsslaw.com" <steve@hbsslaw.com>, "whitneys@hbsslaw.com"
<whitneys@hbsslaw.com>, Linda Lopez <lsl@manningllp.com>
**Subject: Re: Mayall v. USA Water Polo Inc.**


  As indicated, per the Court's order, the time to meet and confer has passed.

Jeffrey M. Lenkov, Esq.
Manning & Kass
801 South Figueroa Street
15th Floor
Los Angeles, CA 90017
(213) 430-2632
jml@manningllp.com




On Jul 31, 2020, at 4:43 PM, Daniel J. Kurowski <dank@hbsslaw.com> wrote:


Jeff,

Thank you for your letter of today's date in response to my earlier request to schedule a
teleconference. Our request for your availability to confer remains open, but to avoid any
confusion, we reassert our request for a teleconference to occur at or before Monday,
August 3rd 2:00 pm PST. And as noted previously, once we come up with a time that
works for you and Steve, I can circulate a calendar invite with conference number.

Alternatively, if you are unwilling to schedule a teleconference, please confirm that is
your position.

We reserve all arguments in response to your letter.

Thanks again and have a good weekend,

Dan

Daniel J. Kurowski | **Hagens Berman Sobol Shapiro LLP** | Direct: (708) 628-4963

**From:** Linda Lopez <lsl@manningllp.com>
**Sent:** Friday, July 31, 2020 5:54:14 PM
**To:** Daniel J. Kurowski <dank@hbsslaw.com>
**Cc:** Steve Berman <Steve@hbsslaw.com>; Whitney K. Siehl <WhitneyS@hbsslaw.com>
**Subject:** Mayall v. USA Water Polo Inc.

# Dear Counsel:

# Please see attached correspondence regarding above matter.

# Thank you.


*Linda Lopez,*
*Legal Assistant to*
*Jeffrey M. Lenkov, Esq.*
*Regina Peter, Esq.*

MANNING & KASS
ELLROD, RAMIREZ, TRESTER **LLP**
**Main: (213) 624-6900 x 2437**
**Fax No.: (213) 624-6999**
**801 South Figueroa Street, 15th Floor, Los Angeles, CA 90017**
**Irvine | Los Angeles | New York | San Diego | San Francisco | Phoenix**

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

**E X H I B I T   D**

# MAYALL v. USA WATER POLO

## Steven Renick

Tue 8/4/2020 1:01 PM

To: 'dank@hbsslaw.com' <dank@hbsslaw.com>;

Cc: steve@hbsslaw.com <steve@hbsslaw.com>; whitneys@hbsslaw.com <whitneys@hbsslaw.com>; Jeffrey Lenkov <JML@manningllp.com>; Derik Sarkesians <das@MANNINGLLP.COM>;

Importance: High

📎 1 attachments (85 KB)

Kurowski letter.080420.FINAL.pdf;

Dan,

      Attached please find our letter asking that you voluntarily withdraw and take off calendar the plaintiff's Second Renewed Motion for Class Certification.  As discussed in the letter, if you decline to voluntarily withdraw your pending motion, we will be obliged to file an ex parte application with the Court requesting that your motion be struck.  Per both the Local Rules and the Court's Standing Order, we are supposed to include in any such application a statement of opposing counsel's position.  Thank you.

STEVEN J. RENICK, Esq.
**MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP**
801 So. Figueroa St., 15th Floor
Los Angeles, CA 90017-5554
Phone: 213-624-6900 x2671
Direct Line: 213-430-2671
FAX: 213-624-6999
E-Mail: *sjr@manningllp.com*

STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN *
ALFRED M. DE LA CRUZ
ERWIN A. NEPOMUCENO
*
BRIAN T. MOSS *
JEFFREY M. LENKOV
MARGUERITE L. JONAK *
JOHN D. MARINO
MICHAEL L. SMITH
LOUIS W. PAPPAS
EUGENE J. EGAN
CLIFFORD A. CLANCEY
RINAT B. KLIER-ERLICH
ROBERT B. ZELMS †
R. ADAM ELLISON
SCOTT WM. DAVENPORT
JASON J. MOLNAR *
DAVID V. ROTH
JENNIFER L. SUPMAN
KATHLEEN A. HUNT *
STEVEN J. RENICK
JAMES E. GIBBONS
DANIEL B. HERBERT *
MARK A. HAGOPIAN
DONALD R. DAY *
D. HIEP TRUONG
MICHAEL A.
WEISMANTEL
JANET D. JOHN *
JOHN M. HOCHHAUSLER
ANTHONY S.
VITAGLIANO†
KEVIN H. LOUTH
SHARON S. JEFFREY
DAVID R. REEDER*
TOBY D. BUCHANAN
LADELL H. MUHLESTEIN
RICHARD G. GARCIA
JEANETTE L. DIXON
KENNETH S. KAWABATA

RICHARD MACK †
TONY M. SAIN
LALO GARCIA
CHRISTOPHER DATOMI
ANGELA M.POWELL
ANTHONY CANNIZZO
ROLAND TONG
JONATHAN J. LABRUM *
JONATHON D. SAYRE
KAREN LIAO
ZUBIN FARINPOUR
MATTHEW E. KEARL
ROGER J. BOZOGHLIAN
TONYA N. MORA
GRETHCHEN COLLIN
JULIE M. FLEMING
ROBERT E. MURPHY *
DONALD R. BECK
ROBERT P.WARGO*
SCOTT A. ALLES †
MAHASTI KASHEFI
HEATHER M. ANTONIE
JASON J. DOSHI
ADAM ROEHRICK
EMILY EDWARDS
DANIEL SULLIVAN
PAUL MITTELSTADT *
MAE ALBERTO
BRIAN SMITH
PAUL HARSHAW
ANDREA KORNBLAU
MICHAEL WATTS
NISHAN WILDE
LYNN CARPENTER *
DAVID R.RUIZ
NATALYA VASYUK
DERIK SARKESIANS
MARK WILSON
CRAIG SMITH
KARLY K. WHITE
KELSEY NICOLAISEN
FAROUK MANSOUR
KIRSTEN BROWN
JAMILEH HAWATMEH

JEFFREY TSAO
ERIN N. COLLINS
TIFFANY HENDERSON
JONATHAN HACK*
EMILY ELLSE
CURTIS GOLE
ERIC WAHRBURG
CAROL TREASURE
R. SCOTT HARLAN
COURTNEY CASIANO
BRANDON
DAWOODTABAR
COURTNEY ARNOLD
RONALD STEWART
MARLON RUFINO
JOSHUA FERGUSON
SALLY FREEMAN*
CHRISTINE LA VORGNA
LIZETTE ALVARADO
IAN KING
CAMERON ARONSON
SAMANTHA KATTAU
ARTHUR KHURIN*
GRACE COLLER
TANYA PROUTY
ELLEN BURACH-ZION
JOSHUA BABATAHER
EVGENIA JANSEN
CHELSEA CLAYTON
NICHOLAS SCOTT
AIDE ONTIVEROS
ALINA SOOKASIAN
LUISA ROSARIO
CORY RAY
XENA MASHBURN
LILIT SHAMIRYAN
ANTOINETTE MARINO*
GLENN JOHNSTON
ELISE DVOROCHKIN
SABIRA SHERMAN
RICHARD MCKEE
ALEXANDRIA DAVIS
EDWIN SASAKI
LARAYA PARNELL
AMY COOPER

NICOLE DYER
KEVIN D.CAMPBELL
DANE CUMMARO
NICOLE HOISKA*
SHELAN TOMA
SHANE ABERGEL
REGINA PETERS
SARA ANTOUN
RIAHNA BACCHUS
TORI BAKKEN
TRO ISKEDJIAN
BREE BRYDENTHAL
GARROS CHAN
CHRISTINA TAPIA
ALICIA D. MASSIDAS*
S. CHRISTIAN ANDERSON
WALTER CROWELL
CYNTHIA LANE

OF COUNSEL
ARI MARKOW
TRISHA NEWMAN

*  Admitted in Multiple Jurisdiction
†  Admitted to Practice Law in
   Arizona only
‡  Admitted to Practice Law in
   Alabama

## MANNING & KASS
## ELLROD, RAMIREZ, TRESTER LLP
### ATTORNEYS AT LAW

**M&K**
**E R T**

15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
TELEPHONE:  (213) 624-6900
FACSIMILE:  (213) 624-6999
WEB SITE:  WWW.MANNINGLLP.COM

August 4, 2020

<u>VIA ELECTRONIC MAIL ONLY</u>

Daniel J. Kurowski, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410,
Chicago, IL 60611
*E-mail:  DanK@hbsslaw.com*

> *Re:*   **Mayall v. USA Water Polo Inc.**
>        **USDC Case No. 15-00171**
>        **Our File No. 371-48835**

Dear Mr. Kurowski,

    We received our service copies of the Plaintiff's Notice Of Motion And Second Renewed Motion For Class Certification (Doc. 178) and the Plaintiff's Local Rule 7-3 Statement Regarding Second Renewed Motion For Class Certification (Doc. 177).  As was discussed at length in Mr. Lenkov's letter to you of July 31, 2020 (a copy of which is attached for your reference), your Second Renewed Motion for Class Certification is untimely filed pursuant to the Court's Scheduling And Case Management Order (Doc 174), and has been filed in violation of multiple provisions of both the Local Rules and the Court's Standing Order (Doc 169) and Scheduling And Case Management Order. You have not requested nor received relief from the Court for these violations.

**DALLAS**
901 Main Street, Suite 6530
Dallas, TX 75202
Telephone: (214) 953-7669

**NEW YORK**
One Battery Park Plaza, 8th Floor
New York, NY 10004
Telephone: (212) 858-7769

**ORANGE COUNTY**
19800 MacArthur Blvd, Suite 900
Irvine, CA 92612
Telephone: (949) 440-6690

**PHOENIX**
3636 North Central Avenue, 11th
Floor
Phoenix, AZ 85012
Telephone: (602) 315-5469

**SAN DIEGO**
225 Broadway, Suite 1200
San Diego, CA 92101
Telephone: (619) 515-0269

**SAN FRANCISCO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 217-6990

Daniel J. Kurowski, Esq.
**Re:    Mayall v. USA Water Polo Inc.**
August 4, 2020
Page 2

Accordingly, we request that you voluntarily withdraw and take off calendar your Second Renewed Motion for Class Certification.  If the plaintiff wishes to pursue this motion, it appears to us that you must first request and obtain the permission of the Court to do so.  If you decline to voluntarily withdraw your pending motion, we will be obliged to file an ex parte application with the Court requesting that your motion be struck.  Per both the Local Rules and the Court's Standing Order, we are supposed to include in our application a statement of opposing counsel's position.

If it is necessary to file an ex parte application in regard to this matter, we would like to do so tomorrow morning (Wednesday, August 5, 2020).  Accordingly, we request that you advise us either sometime today or as early as possible tomorrow morning whether the plaintiff will be voluntarily withdrawing and taking off calendar the Second Renewed Motion for Class Certification.  If you decline to do that, please advise us – again, either sometime today or as early as possible tomorrow morning – whether you will be opposing our ex parte application to strike the plaintiff's Second Renewed Motion for Class Certification.  Thank you.

Very truly yours,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

STEVEN J. RENICK

cc:    Steve W. Berman  (*E-mail: steve@hbsslaw.com*)
       Whitney K. Siehl  (*E-mail: whitneys@hbsslaw.com*)

**E X H I B I T   E**

## Re: MAYALL v. USA WATER POLO

Daniel J. Kurowski <dank@hbsslaw.com>

Tue 8/4/2020 6:20 PM

To: Steven Renick <SJR@manningllp.com>;

Cc: steve@hbsslaw.com <steve@hbsslaw.com>; whitneys@hbsslaw.com <whitneys@hbsslaw.com>; Jeffrey Lenkov <JML@manningllp.com>; Derik Sarkesians <das@MANNINGLLP.COM>;

Steven, I'm available in the morning.

Regards,

Dan

Daniel J. Kurowski | Hagens Berman Sobol Shapiro LLP | Direct: (708) 628-4963

---

**From:** Steven Renick <sjr@manningllp.com>
**Sent:** Tuesday, August 4, 2020 3:01:36 PM
**To:** Daniel J. Kurowski <dank@hbsslaw.com>
**Cc:** Steve Berman <Steve@hbsslaw.com>; Whitney K. Siehl <WhitneyS@hbsslaw.com>; jml@manningllp.com <jml@manningllp.com>; das@manningllp.com <das@manningllp.com>
**Subject:** MAYALL v. USA WATER POLO

Dan,

     Attached please find our letter asking that you voluntarily withdraw and take off calendar the plaintiff's Second Renewed Motion for Class Certification.  As discussed in the letter, if you decline to voluntarily withdraw your pending motion, we will be obliged to file an ex parte application with the Court requesting that your motion be struck.  Per both the Local Rules and the Court's Standing Order, we are supposed to include in any such application a statement of opposing counsel's position.  Thank you.

STEVEN J. RENICK, Esq.
**MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP**
801 So. Figueroa St., 15th Floor
Los Angeles, CA 90017-5554
Phone: 213-624-6900 x2671
Direct Line: 213-430-2671
FAX: 213-624-6999
E-Mail:  sjr@manningllp.com

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On August 5, 2020, I served true copies of the foregoing document, described as **EX PARTE APPLICATION TO STRIKE UNTIMELY SECOND RENEWED MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN J. RENICK** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I sent a copy of the aforesaid document from e-mail address sjr@manningllp.com to the persons at the E-mail addresses listed in the attached Service List.  The document was transmitted at or before 5:00 p.m.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at Los Alamitos, California on August 5, 2020.

*/s/   Steven Renick* _____
STEVEN RENICK

13

**SERVICE LIST**
**Alice Mayall v. USA Water Polo, et la.**
**USDC Southern District Case No. 8:15-cv-00171-AG (RNB)**
**Our File No. 371-48835**

Steve W. Berman, Esq.
HAGENS, BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue
Suite 2000
Seattle, WA 98101
206-623-7292 phone
206-623-0594 fax
*steve@hbsslaw.com*

*Attorneys for Plaintiff Hannah Carlson, individually and on behalf of all others similarly situated*

Elaine T. Byszewski (SBN 222304)
Christopher R. Pitoun (SBN 290235)
HAGENS, BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 203
Pasadena, CA 91101
Tel: 213) 330-7150
Fax: (213) 330-7152
*elaine@hbsslaw.com*
*christopherp@hbsslaw.com*

Daniel J. Kurowski (Pro Hac Vice)
Whitney Siehl (Pro Hac Vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
T: (708) 628-4949
F: (708) 628-4950
*dank@hbsslaw.com*
*whitneys@hbsslaw.com*

EX PARTE APPLICATION TO STRIKE UNTIMELY SECOND RENEWED MOTION FOR CLASS CERTIFICATION